**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5300**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CECIL STEPHEN HAIRE,

Defendant – Appellant.

**No. 10-5302**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CECIL STEPHEN HAIRE,

Defendant – Appellant.

**No. 10-5303**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CECIL STEPHEN HAIRE,

        Defendant – Appellant.

-----

**No. 11-4008**

-----

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CECIL STEPHEN HAIRE,

        Defendant – Appellant.

-----

Appeals from the United States District Court for the District of South Carolina, at Charleston.  Solomon Blatt, Jr., Senior District Judge.  (2:09-cr-00908-SB-1; 2:10-cr-00362-SB-1; 2:10-cr-00573-SB-1; 2:10-cr-00309-SB-1)

-----

Submitted:  July 14, 2011        Decided:  July 27, 2011

-----

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

-----

Affirmed by unpublished per curiam opinion.

-----

Cameron J. Blazer, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Jimmie Ewing, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

-----

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cecil Stephen Haire pled guilty to twenty-three counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2006).[1] He appeals the district court's grant of the Government's motion for upward departure and the resulting sentence of 300 months of imprisonment. We affirm.

At sentencing, the parties agreed that Haire qualified for career offender designation, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2009). Accordingly, Haire earned a criminal history category of VI and a total offense level of thirty-one, for a Guidelines range of 188 to 235 months of imprisonment. USSG ch. 5, pt. A (sentencing table). The Government moved for an upward departure, arguing that the Guidelines range underrepresented the seriousness of Haire's criminal history and the multiplicity of convictions. Haire replied that designating him as a career offender provided an adequate reflection of his extensive criminal behavior, and therefore an upward departure was not warranted. The district

---

[1] In addition to the thirteen-count indictment from the District of South Carolina, the Government transferred a four-count indictment from the Northern District of Florida, a three-count indictment from the Middle District of Georgia, and a three-count indictment from the Middle District of Alabama, for a total of twenty-three counts.

3

court granted the Government's motion for upward departure and sentenced Haire to 300 months of imprisonment.

On appeal, Haire contends that in light of his career offender designation, the district court erred in granting the Government's motion for upward departure. Haire argues that given his personal characteristics and the totality of the circumstances—his advanced age (fifty-two at sentencing) and the increase in his recommended Guidelines range based on his career offender designation—granting the Government's motion for upward departure constituted a procedural error. Haire further asserts the resulting 300-month sentence was greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a) (2006) and therefore is substantively unreasonable.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). The first step in this review requires the court to ensure that the district court committed no significant procedural error. Evans, 526 F.3d at 161. Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the

chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

In assessing whether the court properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo. United States. v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). Where, as here, a court departs from the Guidelines range, we "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. McNeill, 598 F.3d 161, 166 (4th Cir. 2010) (internal quotation marks omitted), aff'd on other grounds, 131 S. Ct. 2218 (2011). Applying an abuse of discretion standard, we assess the substantive reasonableness of a sentence under the totality of the circumstances, giving due deference to the district court's departure decision. Gall, 552 U.S. at 51; United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011), cert. denied, __ U.S. __, 2011 WL 1671037 (U.S. May 31, 2011) (No. 10-10257). In summary, then, our task on appellate review is "whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Here, we find neither procedural nor substantive sentencing error. Both parties concede the court properly calculated the Guidelines range applicable to Haire, including designating him as a career offender. Once the court established the appropriate Guidelines range, the court considered the 18 U.S.C. § 3553(a) factors and analyzed the parties' arguments as required by established law, and concluded that a Guidelines sentence was inadequate. We discern no procedural error in this course of action.

Nor did the district court commit substantive error. In selecting the sentence, the court focused on three issues: the magnitude of the offenses underlying Haire's convictions; the terror experienced by the bank tellers during his robberies; and concern that Haire would return to his criminal behavior, even after serving a sentence within the Guidelines range.[2] Based on these considerations, the district court imposed a 300-month sentence, sixty-five months greater than the top of the initially calculated Guidelines range. We conclude that the district court properly assessed the § 3553(a) factors and the

---

[2] Notably, the court opted not to sentence Haire based on attributing an additional offense level for each robbery beyond those anticipated by the Guidelines' grouping mechanism. Had the court so sentenced, Haire would have faced a sentence of between 360 months and life imprisonment.

arguments of the parties, and that the extent of the departure is not unreasonable.

Accordingly, because Haire's sentence is both substantively and procedurally reasonable, we affirm Haire's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED